JUSTICE TRIEWEILER
specially concurring.
I concur with the result of the majority opinion. However, I do not concur with all that is said therein.
Specifically, I disagree with that part of the majority opinion which either holds or implies that an indigent person cited for contempt has only the right to “employ counsel,” and no right to court-appointed counsel.
To grant a right to counsel to a person cited for contempt, but to deny court-appointed counsel for someone who cannot otherwise afford to employ counsel, is to render the right meaningless. I agree with the Fifth Circuit Court of Appeals decision in Ridgway v. Baker (5th Cir. 1983), 720 F.2d 1409, 1413-15, where it stated that:
The Constitution’s fourteenth amendment guarantee of due process incorporates the sixth amendment assurance that the accused in a criminal prosecution has the right to counsel. This imposes a duty on the state to provide counsel to a person accused who, because of indigency, cannot afford a lawyer. Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). This right extends to every case in which the litigant may be deprived of his personal liberty if he loses. Lassiter v. Department of Social Services, 452 U.S. 18, 25, 101 S.Ct. 2153, 2158-59, 68 L.Ed.2d 640, 648 (1981).
The right to counsel turns on whether deprivation of liberty may result from a proceeding, not upon its characterization as “criminal” or “civil.” ...
The state’s argument that the contemnor imprisoned only for civil contempt has, in the aphoristic phrase, “the keys of his prison in his own pocket,” ignores two salient facts: that the keys are available only to one who has enough money to pay the delinquent child support and that, meanwhile, the defendant, whatever the label on his cell, is confined. If the court errs in its determination that the defendant has the means to comply with the court’s order, the confinement may be indefinite. Such an error is more likely to occur if the defendant is denied counsel. Viewed in this light, a civil contempt proceeding may pose an even greater threat to liberty than a proceeding labeled “criminal,” with a correspondingly greater need for counsel.
*301 If the parent is indeed indigent the state may obviate the need for counsel by announcing that imprisonment will not result from the proceeding. Scott v. Illinois, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979). If it holds the threat of jail over the defendant, however, it must accord the defendant facing it due process, including the right to counsel.
... If, however, imprisonment, by whatever process it is adjudicated, is the possible result of a proceeding, the defendant who is threatened with jail has the right to a lawyer.
The Ninth Circuit Court of Appeals has also recognized that due process requires that court-appointed counsel be provided to an indigent who is cited for contempt. See Henkel v. Bradshaw (9th Cir. 1973), 483 F.2d 1386.
Therefore, I disagree with that part of the majority opinion which suggests that appellant had only the right to “employ counsel” and no right to court-appointed counsel, if he had established his indigency.
However, I concur with the result of the majority opinion because in this case the evidence established that appellant was not indigent. At the time of trial, he was being paid at the net rate of $24,000 per year. Based on that amount of income, he did not meet the criteria for indigency, and was not entitled to court-appointed counsel.
For these reasons, I specially concur with the majority opinion.